# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| VICKI WADE, Personal Representative of the ESTATE OF BRANDON WADE, deceased, | ) ) ) | |
| Plaintiff, | ) | CASE NO. 1:06-CV-404 JVB |
| v. | ) ) | |
| KENNETH C. FRIES, in his official capacity as Sheriff of Allen County, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Brandon Wade was detained at the Allen County Jail. Before booking was completed, the jail nurse established that Wade was a chronic alcoholic and that he had suffered from delirium tremens in the past. Less than three days into his detention, Wade was found unresponsive in his cell and later pronounced dead at the hospital.

As a result of the death, Plaintiff Vicki Wade, the personal representative of Wade's estate, sued various individuals and the Sheriff of Allen County pursuant to 42 U.S.C. § 1983 and several theories of state law liability. At this time, only the § 1983 claims remain against Defendant Sheriff of Allen County.

On August 21, 2009, the Court denied the parties' cross-motions for summary judgment. On August 28, 2009, the Defendant moved for the Court to reconsider its denial of summary judgment for the Defendant. Also, on September 18, 2009, the Defendant moved for a permission to file an interlocutory appeal. The Plaintiff opposes both motions.

**A. Defendant's Motion to Reconsider**

In its motion to reconsider, the Defendant insists that the Court erred in denying its motion for summary judgment because the Plaintiff has not presented any evidence showing that the Defendant knew or should have known of any constitutional violations at the jail so as to make it liable under § 1983. The Defendant fails to appreciate the role of motions to reconsider.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In his motion to reconsider, the Defendant does not present any new facts that were not available earlier nor any new law so as to compel the Court to reconsider its decision. Moreover,

the Defendant has not shown that the Court has patently misunderstood its arguments or made errors of apprehension. In fact, the Defendant repeats most of its arguments from the briefs in support of its motion for summary judgment, making the instant motion a kind of a sur-reply. Accordingly, the Defendant's motion to reconsider will be denied.

**B.  Defendant's Motion to Leave to File an Interlocutory Appeal**

The Defendant also requests for leave to file an interlocutory appeal regarding the Court's denial of its motion for summary judgment. Again, the Defendant misapprehends the controlling law.

Title 28 U.S.C. § 1292(b) gives discretion to district court judges to allow interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

28 U.S.C. § 1292.

The Seventh Circuit has recognized four requirements in that statute:

> Interlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed.

*Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). This test is conjunctive, and all criteria must be satisfied for the court to certify an order for immediate appeal under §1292(b). *Ahrenholz v. Bd. of Tr. of Univ. of Ill.,* 219 F.3d

674, 676 (7th Cir. 2000). A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz*, 219 F.3d 674, 676 (7th Cir. 2000).

The Defendant has failed to persuade the Court that they have met the required criteria under 28 U.S.C. § 1292(b). Accordingly, the Defendant's motion to certify an immediate appeal will be denied.

**D. Conclusion**

For these reasons, the Court denies the Defendant's motion to reconsider the Court's August 21, 2009, Order (DE 76) and denies the Defendant's motion for leave to file an interlocutory appeal (DE 80).

SO ORDERED on October 6, 2009.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE